UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL E. ADAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No. SA CV 16-0567-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Michael E. Adams ("Plaintiff") appeals from the Social Security Commissioner's final decision denying in part his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court concludes that the Administrative Law Judge ("ALJ") failed to give specific and legitimate reasons for discounting the treating physician's opinion. The Commissioner's decision is therefore reversed and this matter is remanded for further proceedings consistent with this opinion.

---

[1] On January 21, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as Defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

Plaintiff filed applications for DIB and SSI on April 13 and 14, 2011, respectively. Administrative Record ("AR") 141-42, 400-03. Both applications alleged disability beginning March 6, 2009. AR 1532. After his applications were denied, Plaintiff requested a hearing before an ALJ. AR 179-80. An ALJ held a hearing on August 29, 2012, AR 68-102, after which the ALJ issued a decision denying the claims, AR 143-58. Plaintiff sought review from the Appeals Council, which vacated the ALJ's decision and remanded the case back to the ALJ for further proceedings. AR 159-63.

The ALJ held a second hearing on May 22, 2014, at which Plaintiff was represented by counsel. AR 18-67. The ALJ heard testimony from Arnold Ostrow, M.D., an impartial medical expert, as well as a vocational expert ("VE"). Id.

The ALJ issued a partially favorable decision on September 9, 2014. AR 1527-42. The ALJ determined that Plaintiff had the severe impairments of polyneuropathy, migraine, essential hypertension, left rotator cuff syndrome, cervical discogenic disease, thoracic and lumbosacral degenerative disease, and atrial arrhythmia. AR 1535. The ALJ found that notwithstanding those impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> can lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk 2 hours out of an 8-hour day and sit 6 hours out of an 8-hour day with the ability to stand and stretch every hour estimated to take 1 to 3 minutes per hour; no overhead work with left upper extremity; occasional foot pedals with the lower extremities bilaterally; can occasionally climb stairs; no ladders, ropes, or scaffolds; can occasionally stoop,

> kneel, crouch, and crawl; no work at unprotected heights; no work around moving or dangerous machinery; frequent fine and gross manipulation bilaterally; and low stress job, defined as having only occasional decision making duties and changes in the work setting.

AR 1535. Based on the VE's testimony, the ALJ found that Plaintiff could not perform his past relevant work as a building maintenance repairer because the demands of that job exceed his RFC. AR 1540.

Plaintiff turned 55 years old on February 27, 2014. See AR 140-41, 400. The ALJ concluded that, based on the VE's testimony, Plaintiff was not disabled before his 55th birthday because even considering his reduced ability to stand and walk, he could perform an eroded number of cashier II and electrical accessories assembler jobs. AR 1541-42. The ALJ therefore found that before February 27, 2014, Plaintiff was capable of making a successful adjustment to other work that existed in the national economy. AR 1541.[2]

Because Plaintiff was of advanced age as of February 27, 2014, the ALJ applied Medical Vocational Rule 202.06 to determine that Plaintiff was disabled as of February 27, 2014. AR 1543.

Plaintiff requested review of the unfavorable portion of the ALJ's decision. AR 9-11. On February 3, 2016, the Appeals Council denied review. AR 1-6. This action followed.

## II.
## DISCUSSION

Plaintiff argues that the ALJ erred in discounting the opinion of Plaintiff's treating physician, Dr. Ben Spurgeon. Joint Stipulation ("JS") at 5. For the reasons discussed below, the Court agrees.

///

---

[2] The ALJ's decision uses the incorrect date of February 26, 2014.

A.   **Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. §§ 404.1527(c), 416.927(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended Apr. 9, 1996). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. Lester, 81 F.3d at 830. When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830-31). Where such an opinion is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. Id.; see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. 20 C.F.R. §§ 404.1527(c), 416.927(c).

B.   **Relevant Facts**

Dr. Spurgeon, a neurologist, has treated Plaintiff regularly since at least 2009. See AR 522-642 (treatment records). On December 17, 2012, Dr. Spurgeon completed a physical RFC questionnaire. AR 1236-42. Dr. Spurgeon opined that Plaintiff: (1) would be limited to sitting no more than 1 hour at a time and standing/walking no more than 30 minutes a time, for a total of 4

4

hours of sitting and 2 hours of standing/walking in a normal 8-hour work day; (2) would need to take unscheduled breaks from work once per hour for 15 to 30 minutes; and (3) would miss more than 3 days of work per month. AR 1239-41. As support for these findings, Dr. Spurgeon referenced clinical findings and objective signs including "[b]ilateral/symmetric impaired pinprick to midshin [and] wrists," "[a]bsent reflexes (ankle jerks)," and "[c]autious gait." AR 1237; see also AR 523, 532, 546 (treatment notes).

At the second hearing, the ALJ heard testimony from Dr. Ostrow, who testified that he had reviewed Plaintiff's medical records. AR 32. Dr. Ostrow opined that Plaintiff would be limited to standing and walking for 2 hours and sitting for 6 hours in an 8-hour work day. AR 33. Plaintiff's counsel asked Dr. Ostrow about Dr. Spurgeon's assessment that Plaintiff could only sit for about an hour and stand for 30 minutes at a time. Dr. Ostrow stated that, "[i]n my opinion, the documentation did not reflect that degree of severe functional limitation" but allowed that "he examined him and I didn't." AR 37. Plaintiff's counsel directed Dr. Ostrow's attention to Dr. Spurgeon's clinical findings, noting that Dr. Spurgeon found "absent reflexes, ankle jerks, cautious gait, impaired pinprick." AR 38. Counsel then began to ask, "[Y]ou're basically looking at the same thing and you just have a different sort of," at which point Dr. Ostrow interjected, "Opinion. Yes, that's correct." AR 37.

The ALJ gave "little weight" to Dr. Spurgeon's assessment because "the evidence does not support the degree of restriction assessed." AR 1537. The ALJ noted, in particular, Plaintiff's hearing testimony that Plaintiff had "no problem" sitting in a chair with a soft cushion. Id. The ALJ noted Dr. Ostrow's observation that the documentation did not reflect the degree of functional limitations contained in Dr. Spurgeon's assessment. Id. Accordingly, the ALJ determined that Dr. Ostrow "explained why he disagreed with the opinions of Dr. Spurgeon." AR 1538. The ALJ concluded

5

that Dr. Ostrow's opinions were "reasonable and generally consistent with the record as a whole," and thus gave "greater weight" to Dr. Ostrow's opinion than Dr. Spurgeon's where the opinions differed. Id.

**C.  Discussion**

As an initial matter, the Court notes that the ALJ's conclusory statement that "the evidence does not support the degree of restriction assessed" is not a sufficient basis to reject Dr. Spurgeon's opinion. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). An ALJ "must do more than offer [] conclusions." Id. "[The ALJ] must set forth his own interpretations and explain why they, rather than the [treating physician's], are correct." Id. at 421-22.

Nor does Dr. Ostrow's opinion provide a sufficient basis to reject Dr. Spurgeon's. The fact that Dr. Ostrow contradicted Dr. Spurgeon's opinion triggers rather than satisfies the requirement of stating "specific, legitimate reasons." See Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2007); Jepsen v. Colvin, No. 16-384, 2016 WL 4547153, at *3 (C.D. Cal. Aug. 31, 2016).

The Commissioner argues that the inconsistencies between Dr. Spurgeon's assessments and his treatment notes provide an adequate basis for the rejection of Dr. Spurgeon's opinion. See JS at 15. Specifically, the Commissioner points to a treatment record from August 2013—eight months after Dr. Spurgeon's assessment—in which Plaintiff reports that he "cannot stand longer than 10 minutes without severe lower leg pain" and "[c]an sit for extended periods if he can elevate [his] feet." AR 1447. But this treatment record, if anything, tends to support Dr. Spurgeon's assessment that Plaintiff could not stand/walk for more than 30 minutes at a time and could not sit

more than 1 hour at a time. It does not provide a specific and legitimate reason to discount Dr. Spurgeon's assessment.

The Commissioner also argues that the ALJ's reliance on Plaintiff's hearing testimony was a specific and legitimate reason to discount Dr. Spurgeon's opinion. JS at 15. The Court disagrees. At the hearing, Plaintiff testified about his ability to sit and stand:

> Q . . . And how long do you think you could reasonably be on your feet for?
> A No more than an hour straight.
> Q . . . And you have problems sitting?
> A I really – I – kind of yeah and no. If I'm soft cushion, no, but a hard cushion, yeah.
> Q . . . Do you – how long do you think you can sit?
> A Hard cushion, probably an hour, hour and a half, but then my legs start going numb, butt starts going numb.
> Q . . . And do you start to experience any pain in your legs?
> A Yes.

AR 39. Shortly thereafter, Plaintiff testified that it was necessary for him to constantly shift positions between sitting, standing, and walking to avoid numbness and sharp pains in his legs. AR 47. He also testified that he can only walk 2 blocks. AR 46.

Taken as a whole, Plaintiff's testimony was consistent with Dr. Spurgeon's limitations. The ALJ may not selectively rely on portions of Plaintiff's testimony to support the conclusion that the testimony is inconsistent with Dr. Spurgeon's assessment. Instead, the ALJ was obligated to consider Plaintiff's testimony as a whole when determining whether it was inconsistent with Dr. Spurgeon's opinion. See Holohan v. Massanari, 246 F.3d 1195, 1207 (9th Cir. 2001) (concluding that ALJ's reason for rejecting

doctor's medical opinion was not supported by substantial evidence because ALJ "selectively relied on some entries . . . and ignored the many others that indicated continued, severe impairment"). Thus, Plaintiff's testimony does not provide a specific and legitimate reason to discount Dr. Spurgeon's opinion.

Where, as here, the Court finds that the ALJ improperly discounted a physician's opinion, the Court has discretion as to whether to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, remand is appropriate for the ALJ to fully and properly consider the opinion of Plaintiff's treating physician, and, if necessary, to more fully develop the record regarding Plaintiff's conditions and functional limitations.

///
///
///
///

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: March 2, 2017

                                          DOUGLAS F. McCORMICK
                                          United States Magistrate Judge